**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

   Plaintiff,          Case No. 04-80170
                  Judge Avern Cohn
v.

HUEL LOCKLEAR,

   Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER THE DENIAL OF HIS MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

### I. INTRODUCTION

   This is a criminal case. On March 22, 2007, following a jury trial, a jury found Defendant Huel Locklear (defendant) guilty of bank robbery in violation of 18 U.S.C. § 2113(a) (Count 1), and guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 2). Before the Court is defendant's motion to reconsider the denial of his motion for a judgment notwithstanding the verdict (JMOL) under FED. R. CRIM. P. 29 or, in the alternative, for a new trial under FED. R. CRIM. P. 33.

   Defendant's motion to reconsider will be denied as it provides no basis for granting him JMOL or a new trial.

   Defendant's argument that the government's late submission of discovery evidence prevented him from interviewing witnesses who could have provided testimony that Regina Locklear planned the robbery is unavailing because it is based on mere

1

speculation.  Defendant neither explains who he would have interviewed or what he expected these individuals to have said that would have changed the outcome of his case.  Moreover, Defendant had over three years to prepare for his trial which gave him ample time to interview potential witnesses.

Defendant also argues that the late submission of discovery evidence prevented him from filing a motion in limine to seek a pre-trial hearing regarding "what the defense knew to be deliberately false testimony by Regina Locklear wherein she testified she had never met with Mr. Locklear's defense team and provided them with a statement about the offense."  This argument fails because Defendant was able to cross-examine Locklear after she testified and present impeaching evidence of her prior statements at that time.

Likewise, Defendant's argument that the government's failure to provide the grand jury transcripts prevented him from reviewing the testimony of witnesses regarding the physical description of the robber as well as the actions the individual took inside the bank does not warrant JMOL or a new trial.  Again, this argument is merely speculative. There is no indication that the grand jury evidence contained exculpatory or impeaching evidence.

Next, Defendant argues that the "alleged bullets which were used as circumstantial evidence to support the felon in possession conviction [were] never determined to be ammunition under federal law[;] therefore the jury could not reasonably conclude that [the] firearms found with them were firearms."  This argument is meritless.  The jury heard evidence from an experienced police officer that guns and bullets fitting those guns were found in the trunk of Defendant's car, which he was

2

driving at the time of his arrest. The jury could reasonably infer from this testimony that the alleged bullets were ammunition. The Defendant, moreover, had the opportunity to cross-examine the officer who provided this testimony.

Finally, Defendant argues that the government introduced prior bad acts evidence without notice to defense counsel and without seeking permission from the court where Regina Locklear testified that she had seen Defendant with a firearm in North Carolina prior to the trip to Michigan and on the day of the bank robber. This argument is also unavailing. There was ample evidence to link Defendant to the possession of the firearms outside of Regina Locklear's testimony, including the evidence that the firearms were found in the trunk of the car the defendant was driving.

For these reasons, Defendant's motion is DENIED.

SO ORDERED.

                                        s/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: August 15, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 15, 2007, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager, (313) 234-5160