UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        Case Nos. 04-80170, 16-12162

HUEL LOCKLEAR,                                       HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Doc. 113)

I.

This is a criminal case. In 2004, defendant was indicted on a charge of bank robbery, in violation of 18 U.S.C. § 2113(a). A First Superseding Indictment later added a count of felon in possession, in violation of 18 U.S.C. § 922(g)(1). Defendant proceeded to trial on both counts. A jury found him guilty as charged. In 2007, defendant was sentenced to 24 months on the bank robbery count, which was subject to an enhancement under the career offender guideline provisions. Defendant was also sentenced to a mandatory minimum 180 month consecutive sentence, under 18 U.S.C. § 924(e)(1), as a result of his armed career criminal status.

Before the Court is defendant's motion to vacate under 28 U.S.C. § 2255 in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. 113). The government as filed a response (Doc. 118) and supplemental response (Doc. 119), contending that the motion should be denied for lack of merit. The Court agrees. The reasons follow.

II.

Title 28 U.S.C. § 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, Petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. U.S., 368 U.S. 424, 428 (1962)).

III.

Defendant seeks relief under based on the new, retroactively applicable right recognized by the Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, 135 S. Ct. 2551 (2015), the Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. §924(e)(2)(B)(ii), which defines the term "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson announced a substantive rule of constitutional law that applies retroactively to ACCA cases on collateral review.

A.

First, to the extent defendant challenges his career offender designation under the sentencing guidelines based on Johnson, i.e. vagueness, he cannot prevail. The Supreme Court has held that the sentencing guidelines are "not amenable to vagueness

2

challenges." Beckles v. United States, 137 S. Ct. 886, 894 (2017).  As a result, the Johnson decision does not provide a basis for vacating, setting aside, or correcting defendant's career offender designation under Section 4B1.1.

B.

Additionally, defendant argues that his prior convictions for bank robbery (federal), assaulting a federal officer, as well as the instant bank robbery conviction, were not crimes of violence, under U.S.S.G.§ 4B1.1(a) and § 4B1.2(a), to trigger the career offender enhancement and make him a career offender.  Defendant is mistaken because, as will be explained, his prior convictions were crimes of violence without reference to the residual clause in U.S.S.G.. § 4B1.2(a)(2).

Section 4B1.1(a) of the Guidelines classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Section 4B1.2(a)(1) defines "crime of violence" as any offense under state or federal law that is punishable by more than one year of imprisonment and "has as an element the use, attempted use, or threatened use of physical force against the person of another [the use-of-force clause].  Section 4B1.2(a)(2) further defines crime of violence as a "burglary of a dwelling, arson, or extortion, involves the use of explosives" [the enumerated offenses] "or otherwise involves conduct that presents a serious potential risk of physical injury to another" [the residual clause].

Johnson only invalidated the residual clause of the Armed Career Criminal Act; the Court made it quite clear that its decision did "not call into question ... the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses of that Act. Johnson, 135 S. Ct. at 2563. Thus, the guidelines' use-of-force definition in § 4B1.2(a)(1) and the enumerated offenses listed in § 4B1.2(a)(2) likewise remain viable. The question therefore becomes, did defendant's two convictions for bank robbery and conviction assaulting a federal officer "[have] as an element the use, attempted use, or threatened use of physical force against the person of another? The answer is yes.

As described in the presentence report and the government's response and supplemental response, defendant's 1983 bank robbery conviction involved defendant, armed with an M-16 assault rifle hidden in his coat and wearing a ski mask, gloves ,and sunglasses, entering a bank with an accomplice. The accomplice took the manager and an employee into the vault and obtained money. As defendant and his accomplice left the bank, the accomplice warned not to hit an any alarms as he "did not want to shoot the place up." Defendant has another bank robbery conviction in 1981 with the same accomplice. Again, defendant wore a disguise and carried a gun which was not displayed. Defendant took money from a teller and ordered his accomplice to get money from the vault.

These convictions constituted violent felonies under18 U.S.C. §924(e)(B)(I) because an M-16 firearm and .357 Magnum was carried and they each had as an element the "use, attempted use, or threatened use of physical force against another" due to the intimidation of the employees. Thus, these offenses are violent felonies

4

within the meaning of 18 U.S.C.§924(e)(B)(I) and U.S.S.G. §4B1.2(a)(1). As such, the residual clauses of 18 U.S.C. §924(e)(B)(ii) and U.S.S.G. §4B1.2(a)(2) are not implicated in discerning defendant's armed career criminal status.

Moreover, defendant's prior conviction for assault on a federal officer is a crime of violence, post-Johnson. As described in the presentence report, on May 7, 1982, FBI agents went to defendant's home to arrest him for one of the armed bank robbery offenses described above. Agents arrived at defendant's home and he fled out the back door into and through a large wheat field. As an FBI special agent and other agents pursued defendant with a car, defendant fired three shots at the vehicle containing the agents. One agent was struck in the hip and a bullet lodged in his lower back. The bullets were determined to be .357 Magnum caliber metal piercing bullets. Defendant eluded agents and remained on the run until captured in South Carolina ten days later.

In United States v. Rafidi, 829 F.3d 427, 445-46 (6th Cir. November 15, 2016), the Sixth Circuit found that assaulting a federal officer under 18 U.S.C.§111(b) is a crime of violence under 18 U.S.C. § 924(c)(3)(A) because it involves the "use, attempted use, or threatened use of physical force against another." This language is identical to the language in 18 U.S.C. §924(e)(B)(i) and U.S.S.G. §4B1.2(a)(1). As such, the residual clause language of 924(e)(B)(ii) and U.S.S.G. §4B1.2(a)(2) are not implicated in discerning defendant's armed career criminal status. Therefore, neither Johnson, Welch, nor Beckles, help defendant's cause because prior assaulting a federal officer conviction is a violent felony without resort to the residual clause of 924(e)(B)(ii) or U.S.S.G.§4B1.2(a)(2).

IV.

within the meaning of 18 U.S.C.§924(e)(B)(I) and U.S.S.G. §4B1.2(a)(1). As such, the residual clauses of 18 U.S.C. §924(e)(B)(ii) and U.S.S.G. §4B1.2(a)(2) are not implicated in discerning defendant's armed career criminal status.

Moreover, defendant's prior conviction for assault on a federal officer is a crime of violence, post-Johnson. As described in the presentence report, on May 7, 1982, FBI agents went to defendant's home to arrest him for one of the armed bank robbery offenses described above. Agents arrived at defendant's home and he fled out the back door into and through a large wheat field. As an FBI special agent and other agents pursued defendant with a car, defendant fired three shots at the vehicle containing the agents. One agent was struck in the hip and a bullet lodged in his lower back. The bullets were determined to be .357 Magnum caliber metal piercing bullets. Defendant eluded agents and remained on the run until captured in South Carolina ten days later.

In United States v. Rafidi, 829 F.3d 427, 445-46 (6th Cir. November 15, 2016), the Sixth Circuit found that assaulting a federal officer under 18 U.S.C.§111(b) is a crime of violence under 18 U.S.C. § 924(c)(3)(A) because it involves the "use, attempted use, or threatened use of physical force against another." This language is identical to the language in 18 U.S.C. §924(e)(B)(i) and U.S.S.G. §4B1.2(a)(1). As such, the residual clause language of 924(e)(B)(ii) and U.S.S.G. §4B1.2(a)(2) are not implicated in discerning defendant's armed career criminal status. Therefore, neither Johnson, Welch, nor Beckles, help defendant's cause because prior assaulting a federal officer conviction is a violent felony without resort to the residual clause of 924(e)(B)(ii) or U.S.S.G.§4B1.2(a)(2).

IV.

For the reasons stated above, defendant's motion under § 2255 is DENIED. Furthermore, reasonable jurists would not debate whether the issues deserve encouragement to proceed further. The Court therefore DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2017
Detroit, Michigan

---

[1] The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.